IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CUNDIFF STEEL ERECTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 6613 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| BULLEY & ANDREWS, LLC, and | ) | |
| CONTINENTAL CASUALTY CO., | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Cundiff Steel Erectors, Inc. ("Cundiff"), in its five-count amended complaint against defendants, Bulley & Andrews, LLC ("B&A") and Continental Casualty Company ("Continental"), claims that B&A breached a purchase agreement under which Cundiff was to fabricate and deliver structural steel to B&A (Count I), failed to pay Cundiff for authorized extra work (Count II), and breached a guaranty agreement (Count III). Cundiff further seeks foreclosure of a mechanic's lien for work done for B&A but not paid for (Count IV) and recovery on a payment bond from B&A and Continental (Count V). The court's jurisdiction rests in diversity under 28 U.S.C. § 1332(a)(1). *See* Docket Entry No. 25. B&A now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count III of Cundiff's amended complaint for failure to state a claim upon which relief can be granted.[1] For the following reasons, B&A's motion to dismiss Count III of the amended complaint [# 30] is denied.

---

[1] The motion also seeks dismissal of Count IV for foreclosure of Cundiff's lien. Since the parties do not argue this point in their memoranda, the court assumes this aspect of the motion is abandoned.

1

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). For the purposes of a Rule 12(b)(6) motion, the court takes as true all well-pleaded facts in plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c); *Centers* v. *Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005). Factual allegations must, however, be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-236 (3d ed. 2004)); *see also Ashcroft* v. *Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("*Twombly* expounded the pleading standard for all civil actions . . . ." (internal quotation marks omitted)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The parties assume that Illinois law applies, and the court so assumes for purposes of this motion.

## FACTS

B&A entered into a contract with the town of Cicero, Illinois to perform a portion of the construction of the New Cicero Complex ("the project"). *Id.* ¶ 8. B&A subsequently entered

into an agreement with Gary Leighty, a citizen of Indiana, doing business as P. L. Associates, Inc. ("PLA"), to fabricate and deliver structural steel for the project. *Id.* ¶ 9. PLA then subcontracted with Cundiff to perform this work. *Id.* ¶¶ 1, 10.

Pursuant to the agreement between Cundiff and PLA, Cundiff used steel shapes provided to it by PLA to fabricate the structural steel required by the project. *Id.* ¶¶ 10–11. Cundiff issued invoices to PLA for its work from May 2007 through July 2007. *Id.* ¶ 11. B&A issued payments jointly to Cundiff and PLA to pay these invoices, and Cundiff does not dispute having received this money. *Id.* ¶ 12.

Cundiff and Leighty were continuously at odds over their agreement. *Id.* ¶ 13. On July 17, 2007, B&A agreed to "pay any and all obligations of [PLA] to Cundiff under this Contract with B&A for the Cicero Mun. Center" to a limit of $390,000. B&A "waive[d] any right to require Cundiff to proceed against [PLA], or pursue any other remedy . . . ." Ex. A to Amend. Compl. On August 17, 2007, Cundiff directly contracted with B&A to continue fabrication and delivery of structural steel for the project. Ex. B to Amend. Compl.

As part of the contract between PLA and Cundiff, Leighty required Cundiff to pay him $20,000, ostensibly to provide B&A with security for Cundiff's performance of PLA's obligations under the agreement between B&A and PLA. Amend. Compl. ¶ 30. Cundiff paid PLA the $20,000, but Leighty did not provide the money to B&A. *Id.* ¶¶ 31–32. Cundiff has repeatedly demanded that Leighty refund the $20,000, but Leighty has refused. *Id.* ¶ 33. Cundiff has also asked B&A for repayment of this amount under the terms of the guaranty. *Id.* ¶ 34. B&A, however, has also refused payment, leading Cundiff to bring suit against B&A for breach of the guaranty agreement. *Id.*

**ANALYSIS**

A guaranty is, of course, a contract, and general rules of contract interpretation apply. *AAR Aircraft & Engine Group, Inc.* v. *Edwards*, 272 F.3d 468, 470 (7th Cir. 2001) (citing *McLean County Bank* v. *Browkaw*, 519 N.E.2d 453, 456, 119 Ill. 2d 405, 116 Ill. Dec. 561 (Ill. 1998)). Guaranty agreements should be "[i]nterpreted in accordance with their clear and unambiguous meaning." *Chrysler Credit Corp.* v. *Marino*, 63 F.3d 574, 577 (7th Cir. 1995). Absent clear language, a court may go outside the four corners of the contract and consider extrinsic and parol evidence. *Lumpkin* v. *Envirodyne Indus., Inc.*, 933 F.2d 449, 456 (7th Cir. 1991). If a contract is ambiguous, the interpretation of its language is a question of fact that cannot properly be determined at the motion to dismiss stage. *Quake Constr., Inc.* v. *Am. Airlines, Inc.*, 565 N.E.2d 990, 994, 141 Ill. 2d 281, 152 Ill. Dec. 308 (Ill. 1990).

B&A contends that the $20,000 security payment that Cundiff paid to PLA is not covered by the terms of the guaranty because the language makes clear that it only covered PLA's obligation to Cundiff under the contract between B&A and PLA; by contrast, B&A argues, Cundiff wants reimbursement under a different contract, Cundiff's contract with PLA. Cundiff argues in response that the promise to pay all obligations of PLA to Cundiff "under this Contract with B&A" refers to B&A's obligations under the guaranty itself, since there was no other contract between B&A and Cundiff.[2] At least, Cundiff argues, the contract is ambiguous as to which "Contract with B&A" was being referred to and what obligations were being guaranteed.

---

[2] Cundiff's response attaches documentary evidence of why the guaranty agreement applies to the $20,000 in dispute. Consideration of such material is unnecessary to resolving the motion, so it is unnecessary to convert the motion to one for summary judgment as Cundiff requests.

The guaranty is ambiguous because it admits of more than one interpretation and it is thus necessary to consider extrinsic evidence in order to construe the obligations of the parties. On the one hand, if as B&A urges "this Contract with B&A" means PLA's contract with B&A but does not comprehend PLA's subcontract with Cundiff, Cundiff received nothing by the guaranty since PLA's contract with B&A contained no obligations to Cundiff. It is unlikely the parties intended this and such an interpretation would run contrary to longstanding rules of construction: (a) all contracts are to be construed so as to effect the intent of the parties, (b) all contracts contain an implied duty of good faith and fair dealing, and (c) guaranties where ambiguous are to be construed against the guarantor. *See Hardesty* v. *Forest City Ins. Co.*, 77 Ill. App. 413, 1898 WL 2449, at *2 (Ill. App. Ct. 1898) ("In the interpretation of a contract, the purpose of the transaction between the parties must be rightly apprehended and the contract be so construed as to effect that purpose, if it be possible so to do, by giving to the language of the contract, as a whole, any reasonable meaning."); RESTATEMENT (SECOND) OF CONTRACTS § 205 (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."); *Corn Exchange Nat. Bank of Chicago* v. *Curtiss,* 146 Ill. App. 489, 1909 WL 1710, *2 (Ill. App. Ct. 1909) ("[Guaranties] are to be construed so as to make them effective and enforceable where it can be done without violence to the intent of the parties to be gathered within the language of the four corners of the writing. . . . [T]he words are to be taken as strongly against the party giving the guaranty as the sense of them will admit.") (internal citations and quotation marks omitted). B&A's agreement to guarantee obligations of PLA to Cundiff was apparently a means of setting aside the disputes between Leighty and Cundiff so the project could go forward more efficiently. That B&A ensured that Cundiff would

get paid and thus stepped in PLA's shoes in its obligations to Cundiff is the reasonable inference to be drawn from the language stating that B&A waived any right to require Cundiff to proceed against PLA or pursue any other remedy (in order to collect payment).

A finding as Cundiff urges, on the other hand, that "this Contract" refers to the guaranty itself, does not seem to make sense, for if the word "Guaranty" is substituted for "Contract"—"B&A agrees to pay any and all obligations of PLA to Cundiff under this *Guaranty* with B&A for the Cicero Mun. Center."—it would mean B&A's guaranty was with itself; the sentence is meaningless and, since PLA had no obligations to Cundiff under such a guaranty, again, PLA would have been guaranteed nothing. In light of what the parties appear to have been trying to accomplish, it is likely that the parties intended to state that B&A guaranteed all obligations of PLA to Cundiff under PLA's contract with Cundiff arising from PLA's contract with B&A for the Cicero Municipal Center. There may be evidence to the contrary, but the point here is that extrinsic evidence is required.

This is enough to survive a motion to dismiss, as the contract is ambiguous and it is not apparent that Cundiff can prove no set of facts that will entitle it to relief under the guaranty alleged in Count III.

**CONCLUSION AND ORDER**

For the foregoing reasons, B&A's motion to dismiss Count III of the amended complaint [# 30] is denied. B&A has 14 days to file its answer to Count III of the amended complaint.

November 4, 2009  Enter  _____
JOAN HUMPHREY LEFKOW
United States District Judge

6